```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                      FORT SMITH DIVISION
```

GEORGE C. ROBINSON and
ELIZABETH ROBINSON, husband and wife                      PLAINTIFFS

         v.              Civil No. 02-2282

OPTION ONE MORTGAGE CORP.                                  DEFENDANT

<u>ORDER</u>

Now on this 28th day of October, 2013, the above referenced matter comes on for consideration of **plaintiffs' Renewed Motion for Default Judgment (doc. 16)** and **defendant's Motion for Summary Judgment (doc. 21)**. The Court, being well and sufficiently advised, finds and orders as follows:

1.   The plaintiffs initially filed the complaint in this matter on December 16, 2002 asserting claims under the Fair Debt Collection Practices Act.

2.   On December 17, 2002, the plaintiffs filed a Petition for Bankruptcy Relief in the United States Bankruptcy Court for the Western District of Arkansas, Case No. 2:02-bk-78027.

3.   On May 27, 2003, this Court entered an order administratively terminating the matter during the pendency of plaintiffs' bankruptcy action. The order states "Plaintiffs may move to re-open upon conclusion of said proceedings."

4.   The plaintiffs' bankruptcy case was terminated by way of an Order of Discharge on May 9, 2006.

5.      Almost seven (7) years later, on May 6, 2013, the plaintiffs moved to reopen this matter. The plaintiffs then filed the instant motion for default judgment on June 28, 2013.

6.      The defendants have responded to the motion for default judgment, and have moved for summary judgment. The defendants dispute that service was proper and argue that summary judgment should be granted as plaintiffs' claims are barred by the statute of limitations, laches, judicial estoppel, collateral estoppel, and res judicata.

7.      The Court agrees with the defendants' arguments. Given the fact that the plaintiffs' bankruptcy case was terminated on May 9, 2006, and the fact that the plaintiffs failed to assert, or disclose, their claims against the defendants in their bankruptcy pleadings, the plaintiffs' claims are barred. *See* <u>Baker v. Baker</u>, 951 F.2d 922 (8th Cir. 1991)("Laches precludes a lawsuit when a plaintiff is guilty of unreasonable and unexcused delay in asserting his claim, resulting in prejudice to the defendant.")

IT IS, THEREFORE, ORDERED that

*       that **plaintiffs' Renewed Motion for Default Judgment (doc. 16)** is **denied;**

*       and **defendant's Motion for Summary Judgment (doc. 21)** is **granted.**

**IT IS SO ORDERED.**

                                  /s/ Jimm Larry Hendren
                                  **JIMM LARRY HENDREN**
                                  **UNITED STATES DISTRICT JUDGE**